IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


DAVID CHARLES BAIN                                           PLAINTIFF


        v.                        CIVIL NO. 13-5078


CAROLYN W. COLVIN, Commissioner
Social Security Administration                              DEFENDANT


## MEMORANDUM OPINION

        Plaintiff, David Charles Bain, brings this action pursuant to 42 U.S.C. § 405(g), seeking

judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying his claims for a period of disability and disability insurance benefits

(DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI

of the Social Security Act (Act).  In this judicial review, the Court must determine whether there

is substantial evidence in the administrative record to support the Commissioner's decision.  See

42 U.S.C. § 405(g).

**I.      Procedural Background:**

        Plaintiff protectively filed his current applications for DIB and SSI on June 30, 2010,

alleging an inability to work since February 28, 2008, due to vasculitis, arthritis, and depression.

(Tr. 130, 134, 164).  An administrative video hearing was held on December 12, 2011, at which

Plaintiff appeared with counsel and testified. (Tr. 30-66).

        By written decision dated February 10, 2012, the ALJ found that during the relevant time

period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 13).

Specifically, the ALJ found Plaintiff had the following severe impairments: problems with his knees, hips, legs, heart, hand, back, right shoulder, ankles, vasculitis, gastroesophageal reflux disease, dizziness, and depression and anxiety.  However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4.  (Tr. 13-14).  The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a). Specifically, the claimant is able to lift and/or carry 50 pounds, stand and/or walk 4 hours in an 8-hour workday at 2-hour intervals, and sit 6 hours in an 8-hour workday, at 4 hours intervals.  The claimant is slightly limited in his ability to bend, stoop, twist his torso and finger, feel and grip, and is able to occasionally climb, squat, kneel, crouch, crawl, operate foot controls, and reach overhead. The claimant should avoid rough uneven surfaces, unprotected heights, fast and dangerous machinery and cold and damp environments.  Additionally, the claimant is able to perform simple, repetitive and routine tasks, with limited contact with the general public, co-workers and supervisors.

(Tr. 15).  With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a machine operator, and a production assembler.  (Tr. 24).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which after reviewing additional evidence submitted by Plaintiff, denied that request on February 27, 2013.  (Tr. 1-6).  Subsequently, Plaintiff filed this action.  (Doc. 1).  This case is before the undersigned pursuant to the consent of the parties. (Doc. 6).  Both parties have filed appeal briefs, and the case is now ready for decision.  (Docs. 10, 11).

The Court has reviewed the entire transcript.  The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

AO72A
(Rev. 8/82)

II.    **Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

-3-

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

**III.   Discussion:**

Plaintiff argues the following issues on appeal: 1) the ALJ erred in failing to consider all of Plaintiff's impairments in combination; 2) the ALJ erred in his analysis and credibility findings in regard to Plaintiff's subjective complaints of pain; 3) the ALJ erred in finding that Plaintiff retained the RFC to perform less than a full range of sedentary work; and 4) the ALJ erred in failing to fully and fairly develop the record.

**A.     Combination of Impairments:**

Plaintiff argues that the ALJ erred in failing to consider all of the claimant's impairments in combination.

The ALJ stated that in determining Plaintiff's RFC, he considered "all of the claimant's impairments, including impairments that are not severe." (Tr. 13). The ALJ further found that the Plaintiff did not have an impairment or combination of impairments that met or medically

-4-

equaled one of the listed impairments. (Tr. 13). Such language demonstrates the ALJ considered the combined effect of Plaintiff's impairments. Hajek v. Shalala, 30 F.3d 89, 92 (8th Cir. 1994).

### B.    Subjective Complaints and Credibility Analysis:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).  While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id.  As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards, 314 F.3d at 966.

After reviewing the administrative record, and the Defendant's well-stated reasons set forth in her brief, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors.  A review of the record revealed that Plaintiff sought employment during the relevant time period. (Tr. 40). See Barrett v. Shalala, 38 F.3d 1019, 1024 (8th Cir.1994) (claimant's statements that he was seeking work inconsistent with disability).  As pointed out by the ALJ, Plaintiff also indicated that he was able to take care of his personal needs; prepare meals; do household chores; drive a car; handle money; watch television; and shoot guns about every six weeks. (Tr. 155-162).  In August of 2010, Plaintiff also reported to Dr. Mary J. Sontag that he was able to shop independently, handle his personal finances, participate in social groups, and perform activities of daily living independently.  (Tr. 322).

-5-

Therefore, although it is clear that Plaintiff suffers with some degree of limitation, he has not established that he was unable to engage in any gainful activity during the relevant time period.   Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

### C.    The ALJ's RFC Determination:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is assessed using all relevant evidence in the record. Id.  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).  "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In determining that Plaintiff maintained the RFC to perform sedentary work with limitations, the ALJ considered the medical assessments of the examining and non-examining agency medical consultants; Plaintiff's subjective complaints; and his medical records.  The ALJ noted that consultative examiner, Dr. Sontag, reported Plaintiff was able to attend and sustain concentration; demonstrated the ability to persist on tasks; and to complete work-like tasks

within an acceptable manner.  (Tr. 14, 319-322).  Plaintiff's capacity to perform sedentary work with limitations is also supported by the fact that the medical evidence does not indicate that Plaintiff's examining physicians placed restrictions on his activities that would preclude performing the RFC determined.  See Hutton v. Apfel, 175 F.3d 651, 655 (8th Cir. 1999) (lack of physician-imposed restrictions militates against a finding of total disability).  The ALJ also took Plaintiff's obesity into account when determining that he could perform sedentary work with limitations.  Heino v. Astrue, 578 F.3d 873, 881-882 (8th Cir. 2009) (when an ALJ references the claimant's obesity during the claim evaluation process, such review may be sufficient to avoid reversal).  Based on the record as a whole, the Court finds substantial evidence to support the ALJ's RFC determination for the relevant time period.

### D.      Fully and Fairly Develop the Record:

While an ALJ is required to develop the record fully and fairly, see Freeman v. Apfel, 208 F.3d 687, 692 (8th Cir.2000) (ALJ must order consultative examination only when it is necessary for an informed decision), the record before the ALJ contained the evidence required to make a full and informed decision regarding Plaintiff's capabilities during the relevant time period.  See Strongson v. Barnhart, 361 F.3d 1066, 1071-72 (8th Cir.2004) (ALJ must develop record fully and fairly to ensure it includes evidence from treating physician, or at least examining physician, addressing impairments at issue).

### E.      Hypothetical Question to the Vocational Expert:

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a

AO72A
(Rev. 8/82)

whole. Goff v. Barnhart, 421 F.3d 785, 794 (8ᵗʰ Cir. 2005).   Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that during the relevant time period Plaintiff's impairments did not preclude him from performing work as a machine operator, and a production assembler.  Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

## IV.   **Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed.  The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 9th day of April, 2014.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)